JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Phillip S. Howard appeals his conviction in the Garfield Heights Municipal Court for speeding. For the following reasons, we reverse the decision of the trial court.
 {¶ 2} This case arose from allegations that defendant was speeding in the Village of Cuyahoga Heights.
 {¶ 3} On November 13, 2001, defendant was issued a citation for speeding. On January 17, 2002, defendant pled not guilty. On February 14, 2002, a bench trial began.
 {¶ 4} At trial, Patrolman Jamie J. Lukas of the Cuyahoga Heights Police Department testified that on the evening of November 13, 2001, he was on patrol in the area of State Route 21 in Cuyahoga Heights, Ohio. He testified that he was sitting on the river bridge off of the freeway. He testified that there is an exit ramp off of I-77, which then becomes State Route 21. He testified that there are two speed limit signs on the ramp, one at the entrance to the ramp, and one at the exit of the ramp, with posted speed limits of 35 miles per hour. He testified that he observed the vehicle driven by defendant traveling southbound on Route 21 at a high rate of speed and that he used his laser speed detector and clocked the defendant at 52 miles per hour.
 {¶ 5} Defendant testified on his own behalf. Defendant testified that on the evening of November 13, 2001, he was driving on I-77, which has a posted speed limit of 60 miles per hour. He testified that he exited I-77 to get to State Route 21 via the ramp. He testified that at the entrance to the ramp there is a yellow 35 miles per hour sign. He testified that this yellow sign at the entrance to the ramp is an advisory sign that suggests a reasonable rate of speed. He testified that he was in the process of slowing down when he reached the black and white 35 miles per hour speed limit sign at the exit of the ramp. He testified that Patrolman Lukas clocked him at 52 miles per hour on the ramp while he was still within the legal speed limit for I-77 and that he should not have been expected to instantaneously go from 60 miles an hour to 35 miles an hour.
 {¶ 6} On rebuttal, Patrolman Lukas admits that the speed limit sign at the entrance to the ramp is yellow and black and the speed limit sign at the end of the ramp is white and black. He also concedes that he does not know what the difference between the two signs is. (Tr. 18). Patrolman Lukas testified that he clocked defendant after he had passed the black and white 35 miles per hour sign at the end of the ramp.
 {¶ 7} On February 14, 2002, the trial court found defendant guilty of speeding. It also stated the following, in pertinent part:
 {¶ 8} "* * * I don't know anything in the law that says a yellow sign is advisory only. On most ramps on every-most ramps that I know of, at least in this court district, the speed in 35 miles an hour. So as you leave the freeway and you get on a ramp you must reduce your speed immediately to 35 as you enter the ramp. That is the law in the State of Ohio. And it's yellow, I believe, just to stand out for you so you can see it." (Tr. 19).
 {¶ 9} On February 14, 2002, defendant was sentenced to a $100 fine and court costs. Defendant appeals the verdict and raises five assignments of error. The first three are as follows:
 {¶ 10} "I. The trial judge erred when she admitted not knowing if the color of a speed limit sign made any difference and continued the trial.
 {¶ 11} "II. The trial judge erred in making law reserved for local elected officials by the State Legislature, when she stated that she did not care what color the speed limit sign was, the speed limit of all ramps in this City is 35 miles per hour.
 {¶ 12} "III. The trial judge erred in making law reserved by the State Legislature for Ohio Department of Transportation for freeways including ramps, when she stated that she did not care what color the speed limit sign was, the speed limit of all ramps in this City is 35 miles per hour."
 {¶ 13} In his first three assignments of error, the defendant argues that the trial court misinterpreted the law and erroneously found him guilty of speeding. In a bench trial, the court assumes the role of trier of fact. Due deference is given to the trial court's factual findings if they are supported by competent, credible evidence. State v.Fitzgerald, Summit App. No. 20866, 2002-Ohio-4523. Here, the record is unclear where the specific location of the speeding infraction occurred. Patrolman Lukas testified that he was on a bridge associated with the ramp at the time he was monitoring traffic speed. The prosecutor noted immediately thereafter that the officer was on the ramp. (Tr. 8). Patrolman Lukas stated that defendant had passed the black and white 35 mph sign at the time he clocked him. Defendant claims he was still on the ramp.
 {¶ 14} In its decision, the trial court did not articulate a specific finding of where the alleged speed infraction occurred. Rather, the trial court focused on defendant's speed at the ramp location and found him guilty of speeding based on its decision that defendant was traveling 52 miles per hour on the ramp, that a yellow speed limit sign is not advisory, and that defendant was required to reduce his speed immediately upon entering the ramp.
 {¶ 15} The plain language of 2C-35 of the Manual on Uniform Traffic Control Devices states that a black MPH message on a yellow background is advisory and is intended to indicate the maximum recommended speed around a curve. By comparison, 2B-10 of the Manual on Uniform Traffic Control Devices indicates that a black MPH message on a white background is mandatory in nature and is intended to display the speed limit established by law. Accordingly, the trial court misstated the law when it found that a yellow sign is not advisory in nature and that a speeding violation occurs when a vehicle does not immediately reduce its speed to 35 miles per hour as soon as it enters a ramp. Here, the record is clear that the 35 mile per hour sign at the entrance to the ramp was yellow with black lettering. Thus, it was an advisory speed plate. The trial court based its determination that the defendant was speeding upon its interpretation of the traffic signs and that defendant was required to reduce his speed upon seeing that yellow sign. Since the trial court's interpretation of this law is incorrect, we sustain the defendant's first three assignments of error. Accordingly, we reverse defendant's conviction and enter a judgment of acquittal for defendant on the charge of speeding.
 {¶ 16} This holding renders moot defendant's remaining claims. See App.R. 12(A)(1)(c).
Judgment reversed.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Garfield Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and SEAN C. GALLAGHER, J., concur.